IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NICHOLAS LEONARD WOODS                                         PLAINTIFF

v.                          No. 4:24-cv-501-DPM

UNITED STATES of AMERICA                                       DEFENDANT

ORDER

The United States moves to dismiss this *pro se* Federal Torts Claims Act case, arguing that this Court lacks subject matter jurisdiction because Woods's lawsuit was premature.

*

While an inmate at FCC Forrest City, Woods fell out of his top bunk. He injured his shoulder. Roughly nine months later, an MRI confirmed that Woods needed surgery for a torn rotator cuff. No surgery was done. Woods was released from custody. He then filed a timely administrative claim—asserting injury from delayed treatment—with the Bureau of Prisons.

The statute requires administrative exhaustion before suit. 28 U.S.C. § 2675(a). In early December 2023, the BOP denied Woods's claim. "The investigation concluded that you did not suffer a loss of personal property or injury caused by the negligence of an employee of the United States acting within the scope of employment. Therefore, your claim is denied." *Doc. 2 at 7*. The BOP also alerted Woods about

his right to sue. "You are advised that if you are dissatisfied with the determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court." *Doc. 2 at 8.*

The BOP did not inform Woods that, instead of filing suit, he could seek reconsideration by the BOP. An applicable regulation issued by the Attorney General echoes the statutory exhaustion requirement plus authorizes agency reconsideration on timely request. 28 C.F.R. § 14.9(b). There's no indication of record that Woods knew about this regulation. But, a few months after the BOP denied his claim, in April 2024 he filed a written request for reconsideration supported by additional documents and medical records.

The BOP acknowledged Woods's request in May 2024. *Doc. 12 at 25.* The regulation gives the agency six months to reconsider. It also tolls the time for suit. If the agency takes no action, at the end of that period the request is deemed denied, and a new six-month window opens for a lawsuit. 28 C.F.R. § 14.9(b) and 28 U.S.C. § 2675(a). The BOP's acknowledgment letter did not mention the regulation or any effect on Woods's right to sue from his reconsideration request. It did say the agency usually responds to these requests within six months, and therefore Woods could expect a final word during that period. *Doc. 12 at 25.*

By the BOP's calculation, the reconsideration period for Woods's request closed, and the new suit window opened, in late October 2024. Woods, though, filed this case in early June 2024. That was approximately two weeks *after* his original statutory six-month period to sue (measured from the December 2023 BOP denial) expired. And it was approximately four months *before* the BOP's reconsideration period ended. Thus the motion to dismiss based on prematurity.

Briefing on that motion concluded before the reconsideration period ended. Neither Woods nor the United States has informed the Court what decision, if any, the BOP made on reconsideration. The regulation requires notice of any such decision by certified or registered mail. 28 C.F.R. § 14.9(a) & (b). From the record's silence, the Court infers—tentatively, and subject to a correction—that Woods's request for a second look died on the vine. If so, it was deemed denied, as the statute specifies, in late October 2024. 28 U.S.C. § 2675(a).

\*

To repeat: Congress required claimants such as Woods to exhaust their administrative remedies before suing the United States. "An action shall not be instituted upon a claim against the United States for money damages for [personal injury caused by a Government employee's negligence] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or

registered mail." 28 U.S.C. § 2675(a). As the title to this section puts it, the law requires "Disposition by federal agency as prerequisite[.]" The tort-specific provision of the general statute of limitations for actions against the United States includes this presentment requirement. 28 U.S.C. § 2401(b).

One cannot sue first, then go to the agency, make a claim, and proceed with the lawsuit after the agency denies that claim. *McNeil v. United States*, 508 U.S. 106 (1993). The United States presses that *McNeil* controls here. But there's a difference. Woods started by filing a timely administrative claim, which the BOP denied, before he filed suit. The agency had the opportunity to investigate, evaluate, and adjudicate Woods's claim short of the courthouse. Those are the statutory goals embodied in the exhaustion requirement. *Mader v. United States*, 654 F.3d 794, 797-98 (8th Cir. 2011) (*en banc*). True enough, the government might respond, but when Woods sought BOP reconsideration he created a shadow over the agency's decision; his claim was not "finally denied," as the statute requires, until the agency either rejected his claim again in writing or it was deemed denied because at least six months had passed without a formal decision on reconsideration. 28 C.F.R. § 14.9(b) and 28 U.S.C. § 2675(a). And there must be a final decision before the lawsuit is "instituted." 28 U.S.C. § 2675(a).

-4-

Well-reasoned, albeit non-binding, authority exists to the contrary. In these cases, the agency's original decision was held to be final enough, and pursuit of reconsideration did not undermine the lawsuit. *E.g., Atherton v. United States*, 193 F. Supp. 3d 2, 5 (D.D.C. 2016); Doc. 21 in *Wilson v. United States*, 4:05-cv-562-GTE (E.D. Ark. 24 January 2006); *Bond v. United States*, 934 F. Supp. 351, 356–57 (C.D. Cal. 1996). Here, other circumstances stand out, too. When it originally denied his claim, the BOP did not inform Woods about the regulation, his option to pursue reconsideration, or the consequences of doing so. And when it acknowledged receiving his reconsideration request, the BOP did not mention the regulation, the regulatory suspension of his right to sue, or his right to sue after the agency denied his request in writing or it was deemed denied six months after receipt. The BOP's unequivocal original decision, coupled with the gaps in the agency's notices about reconsideration, weigh against attributing jurisdictional consequences to the regulation.

But Woods faces an additional difficulty: Measured from the BOP's original denial, his lawsuit was late by a couple of weeks. *Compare Doc. 2 at 7, with Doc. 2 at 1*. He therefore must lean on his request for reconsideration to avoid the limitations bar. The Attorney General's regulation § 14.9, the equitable tolling principle it embodies, and the facts support deciding Woods's case on the merits rather than on limitations grounds.

In *United States v. Wong*, 575 U.S. 402 (2015), the Supreme Court held that the FTCA's time limitations were mandatory claim processing rules rather than jurisdictional matters. Sovereign immunity goes, of course, to a Court's subject matter jurisdiction. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994). But the *Wong* Court clarified that the FTCA's limitations periods were not defining aspects of the United States' waiver of its sovereign immunity. The Court specifically rejected the United States' argument that the time limits are conditions on the government's waiver. 575 U.S. at 417-20. Instead, they are important and mandatory rules for moving claims promptly through the adjudicative process, both administrative and judicial. Equitable tolling principles are therefore available when a claimant misses a deadline. 575 U.S. at 410-12. The Court of Appeals had reached the same ultimate conclusion, though by a different analytic road, and without the benefit of *Wong's* reasoning, in *T.L. v. Ingram*, 443 F.3d 956, 959-61 (8th Cir. 2006).

Back to subject matter jurisdiction. Does this Court have authority at this point to decide Woods's case on the merits? The general rule, stated often and strongly in the binding Eighth Circuit precedent, is that exhaustion is essential to jurisdiction. *E.g., Mader*, 654 F.3d at 807-08; *Melo v. United States*, 505 F.2d 1026, 1030 (8th Cir. 1974); *see also Jackson v. United States*, 488 F. Supp. 3d 818, 822-23 and n.4 (E.D. Ark. 2020) (applying the rule and collecting cases from other circuits). Woods's

request for reconsideration creates some doubt about when the BOP's decision was final. Though it will involve re-filing and re-serving this case, dismissal without prejudice to re-filing is the best way to remove that jurisdictional doubt. "Longest way round is the shortest way home." JAMES JOYCE, ULYSSES 377 (Modern Library ed. 1992).

To press his claim forward, Woods must therefore re-file his case within six months of (1) the date that the BOP mailed him notice that his request for reconsideration was denied or (2) the date that his request was deemed denied. 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.9(b). In any new complaint, Woods should plead that he sought reconsideration, when he did so, what decision the BOP made (if any) on that request, and when the BOP mailed him any letter explaining that decision. Those facts will address the equitable tolling that the United States has helpfully highlighted. *Doc. 8 at 5 and n.1*.

Motion, *Doc. 7*, granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

3 January 2025